1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                        EASTERN DISTRICT OF WASHINGTON

7

8    HILDA L. SOLIS, Secretary of Labor,
     UNITED STATES DEPARTMENT
     OF LABOR,                                    NO:  CV-09-5066-RMP

9
                              Plaintiff,          ORDER GRANTING PLAINTIFF'S
10                                                MOTION FOR SUMMARY
            v.                                    JUDGMENT

11
     WOK KING INTERNATIONAL
12   BUFFET, INC., a corporation;
     GUANG RI WENG, an individual;
13   ZHEN FANG WENG, an individual;
     NEW WOK KING
14   INTERNATIONAL BUFFET, INC., a
     successor corporation,

15
                              Defendants.
16

17          This matter comes before the Court on Plaintiff's motion for summary

18   judgment, **ECF No. 63**.  The Court has considered the relevant documents filed in

19   support of the motion and the remainder of the file in this case.

20


ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT~1

1    The Plaintiff is the United States Secretary of Labor who argues that there

2  are no material facts in dispute and that she is entitled to judgment as a matter of

3  law.  Specifically, the Secretary asserts that it is undisputed that Defendants

4  violated provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et

5  seq., by "fail[ing] to pay employees at the overtime rate for hours worked in excess

6  of 40 hours in a work week, fail[ing] to pay the required minimum wage for all

7  hours worked, and fail[ing] to maintain records required by the Act."  ECF No. 64

8  at 2.

9    The individual Defendants Guang Ri Weng and Zhen Fang Weng[1] formed

10  Defendant corporate entity Wok King International Buffet, Inc. ("Wok King") in

11  Kennewick, Washington, on October 25, 2005.  Guang Ri Weng and Zhen Fang

12  Weng operated Wok King as a Chinese buffet-style restaurant at 7011 West Canal

13  Drive in Kennewick from April 1, 2007, until December 31, 2008.  ECF No. 67-1

14  at 2.  Guang Ri Weng and Zhen Fang Weng managed the restaurant, had hiring and

15  firing authority, and generally acted as employers within the meaning of the FLSA.

16  ECF No. 67-1 at 4-5, 7.

17

18  _____

19  [1] Since the individual Defendants share a surname, the Court uses their full names

20  throughout this Order for clarity.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT~2

Over the course of this case, and following several status hearings, this Court found good cause to grant motions to withdraw by all of Defendants' attorneys of records. ECF Nos. 43, 52, and 57. Therefore, Defendants currently have no counsel of record; however, the Court has confirmed that the individual Defendants have been given copies of all orders and notice of all court hearings personally, to the extent possible, considering the Court's access to the Defendants' contact information.[2]

Although Plaintiff submitted a certificate of service that indicates that the Plaintiff served the summary judgment motion and accompanying documents on Defendants, ECF No. 69, no response to the motion appears in the record. Under Local Rule 7.1(e), the Court may consider the failure to timely file a memorandum of points and authorities in opposition to any motion as consent to the entry of an order adverse to the part in default.

UNDISPUTED FACTS

In approximately 2008, the United States Department of Labor's Wage and Hour Division initiated an investigation into whether the work practices of Wok

---

[2] Corporate entities may appear in federal court only through licensed counsel. *Rowland v. Cal. Mens Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02.

1    King complied with the FLSA.  *See* ECF No. 66-1 at 1.  Wage and Hour

2    investigators conducted interviews, in Mandarin Chinese and Spanish where

3    necessary, with the employees and owners of Wok King.  ECF Nos. 65 at 3; 66 at

4    2-3.

5            Defendant Zhen Fang Weng sold his 50% ownership interest in Wok King

6    to Defendant Guang Ri Weng for $80,000.00 through a document dated December

7    28, 2008.  ECF No. 67-1 at 10, 15-23.  Around this time, Yi Lin, Guang Ri Weng's

8    wife's cousin, took over full ownership of the restaurant, and Guang Ri Weng

9    stayed on as manager.  ECF Nos. 67-3 at 6, 10; 65-3 at 1.  Around the time that

10   ownership was transferred between Guang Ri Weng and Mr. Lin, Guang Ri Weng

11   informed Mr. Lin that the restaurant was being investigated by the Department of

12   Labor.  ECF No. 65-3 at 1.  According to Guang Ri Weng, he and Zhen Fang

13   Weng assured Mr. Lin that they would "take full responsibility of the results of the

14   audit."  ECF No. 65-3 at 1.

15           Mr. Lin operated the restaurant at the same address beginning on January 1,

16   2009.  ECF No. 67-3 at 6.  On January 25, 2009, Mr. Lin incorporated Defendant

17   New Wok King.  New Wok King operated the restaurant at the same Kennewick

18   address, with some of the same employees and Guang Ri Weng as manager, until

19   December 3, 2009, when Mr. Lin sold New Wok King to an individual named

20   Hong Chi.  ECF No. 67-3 at 11.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT~4

Plaintiff Secretary of Labor Hilda Solis ("Secretary Solis") filed a complaint against Defendants Wok King International Buffet, Inc. ("Wok King"), New Wok King International Buffet, Inc. ("New Wok King"), and individual defendants Zhen Fang Weng, and Guang Ri Weng, on July 31, 2009.  ECF No. 1.  The complaint seeks compensation and liquidated damages against defendants for unpaid wages and overtime compensation or, if no liquidated damages are awarded, "a judgment restraining Defendants from withholding payment of unpaid minimum wage and overtime compensation due Defendants' employees plus prejudgment interest computed thereon."  ECF No. 1 at 1-2.

Defendants, through their counsel at the time, answered the complaint.  ECF No. 10.  Defendants denied most of the factual allegations and asserted the following defenses:

> The complaint fails to state a cause of action on which relief can be granted.
> Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.
> Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages.
> Plaintiffs' claims are barred, in whole or in part, by the tip credits and allowances received from the Answering Defendant.
> Plaintiffs' claims are barred, in whole or in part, by other wages received from the answering Defendant.
> Plaintiffs' claims are barred, in whole or in part, by the benefits received at the reasonable or actual cost of the Answering Defendants.
> Plaintiffs' claims are barred, in whole or in part, by excludable non-compensable time.
> The Answering Defendants acted in good faith and had reasonable grounds to believe they were not in violation of Federal

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT~5

and Washington state laws and, as a result, Plaintiffs are not entitled to liquidated damages.

Neither GUANO RI WENG nor ZHEN FANG WENG are "employers" as defined by 18 U.S.C. 203.

If Defendants failed to pay wages owed and due to Plaintiff, Plaintiffs claims are barred in whole or in part because Plaintiff did not allow Defendants to correct said wages in arrears.

Plaintiff's claims are barred in whole or in part pursuant to section 11 of the Portal-to-Portal Act.

Plaintiff's claims are barred in whole or in part by the voluntary or involuntary waiver of an individual employee's right to sue for back wages

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel and/or unclean hands.

ECF No. 10 at 3-4 (numbering removed).

## ANALYSIS

The Court has subject matter jurisdiction of this civil action pursuant to FLSA § 17, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

*Summary Judgment Standard*

Summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact. *Playboy Enterprises, Inc. v. Netscape Communications Corp.*, 354 F.3d 1020, 1023–24 (9th Cir. 2004). A nonmoving party's failure to comply with local rules in opposing a motion for summary judgment does not relieve the moving party of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT~6

its affirmative duty to demonstrate entitlement to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182–83 (9th Cir. 2003).

"If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)). The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, (1986). A plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990). A court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found." *Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1031 (9th Cir. 2001). This is true even when a party appears pro se. *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).

Where, as here, the nonmoving party is pro se, a court must consider as evidence in opposition to summary judgment all contentions "offered in motions and pleadings, where such contentions are based on personal knowledge and set

1  forth facts that would be admissible in evidence, and where [the party appearing

2  pro se] attested under penalty of perjury that the contents of the motions or

3  pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004)

4  (citation omitted), *cert. denied*, 546 U.S. 820 (2005).

5  *FLSA Overtime Law and Regulations*

6      The FLSA provides:

7  a) Employees engaged in interstate commerce; additional applicability
   to employees pursuant to subsequent amendatory provisions

8      (1) Except as otherwise provided in this section, no employer
   shall employ any of his employees who in any workweek is

9      engaged in commerce or in the production of goods for
   commerce, or is employed in an enterprise engaged in

10     commerce or in the production of goods for commerce, for a
   workweek longer than forty hours unless such employee

11     receives compensation for his employment in excess of the
   hours above specified at a rate not less than one and one-half

12     times the regular rate at which he is employed.

13 29 U.S.C. § 207(a)(1).

14     The employees on whose behalf the Secretary seeks back pay are covered

15 employees under the FLSA because they worked for an "enterprise engaged in

16 commerce" under the FLSA.  29 U.S.C. § 203(s)(1).

17     An "enterprise engaged in commerce" is an enterprise that:

18 (A)    (i) has employees engaged in commerce or in the production of
   goods for commerce, or that has employees handling, selling, or

19     otherwise working on goods or materials that have been moved
   in or produced for commerce by any person; and

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT~8

1                 (ii) is an enterprise whose annual gross volume of sales
2                     made or business done is not less than $500,000 (exclusive of
                     excise taxes at the retail level that are separately stated).

3   29 U.S.C. § 203(s)(1).

4       Defendants' responses to the Secretary's discovery requests demonstrate that

5   Wok King was an enterprise engaged in commerce as defined by the FLSA.  ECF

6   No. 67-1 at 3.  Mr. Lin admitted that Defendant New Wok King was also an

7   enterprise engaged in commerce as defined by the FLSA.  ECF No. 67-3 at 5.

8       Furthermore, Defendants' and Mr. Lin's discovery responses show that New

9   Wok King was a successor corporation that may be found jointly and severally

10   liable for back wages.  As a matter of policy and equity, the Ninth Circuit has

11   found it appropriate to impose liability on a successor when: "1) the subsequent

12   employer was a bona fide successor and 2) the subsequent employer had notice of

13   the potential liability."  *Steinbach v. Hubbard*, 51 F.3d 843, 845-46 (9th Cir. 1995).

14   "Whether an employer qualifies as a bona fide successor will hinge principally on

15   the degree of business continuity between the successor and the predecessor."

16   *Steinbach* 51 F.3d at 846.  A third consideration is the extent to which the

17   predecessor directly can provide adequate relief.  *Steinbach* 51 F.3d at 846.

18       Mr. Lin was aware of the Department of Labor investigation when he

19   purchased the restaurant, and there were numerous continuities between Wok King

20   and New Wok King, including the same manager, some of the same staff, the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT~9

physical facilities, equipment, and the feature of buffet-style operation. ECF Nos. 67-1 at 15-20; 67-3 at 10-11. New Wok King should be treated as a successor corporation. *See Steinbach* 51 F.3d at 846.

In addition, the individual Defendants, Guang Ri Weng and Zhen Fang Weng, meet the definition of "employers" under the FLSA, which broadly includes "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). Both Guang Ri Weng and Zhen Fang Weng managed the restaurant, had hiring and firing authority, and generally acted as employers until early 2009. ECF Nos. 67-1 at 4-5, 7-8. When Guang Ri Weng purchased Zhen Fang Weng's ownership interest in Wok King and sold the business to Mr. Lin to start New Wok King, Guang Ri Weng continued to work as manager of the restaurant until New Wok King closed. ECF No. 65-3.

The employees' statements and the monthly payroll summaries for Wok King for September 2008 to December 2008, which Guang Ri Weng and Zhen Fang Weng provided the Department of Labor in lieu of complete payroll records, consistently demonstrate that certain employees were not paid a different rate for their overtime hours, a violation of 29 U.S.C. § 207(a)(1).

Wage and Hour Division investigator Sherrie Leung compiled a detailed, employee-by-employee calculation of back wages owed by Defendants to their employees from the period of September 20, 2006, to August 23, 2008. ECF Nos.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT~10

65 at 3; 65-5 at 1-4.  The Court finds the uncontroverted summary of unpaid

wages, in the amount of $265,483.96, to be an appropriate amount of damages for

unpaid overtime wages in this case.

*Equal Amount of Liquidated Damages*

       The penalties and damages provision of the FLSA provides in relevant part:

> Any employer who violates the provisions of section 206 or section
> 207 of this title shall be liable to the employee or employees affected
> in the amount of their unpaid minimum wages, or their unpaid
> overtime compensation, as the case may be, and in an additional equal
> amount as liquidated damages.

29 U.S.C. §216(b).

       Once the court finds that the employer has violated section 207, which the

Court finds that Defendants violated here, an award of liquidated damages is

mandatory, not discretionary.  *E.E.O.C. v. First Citizens Bank of Billings*, 758 F.2d

397, 403 (9th Cir. 1985).  The Court may deny a request for liquidated damages

only if the employer meets the "'difficult' burden of proving both subjective good

faith and objective reasonableness, 'with double damages being the norm and

single damages the exception.'"  *Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir.

2003) (quoting *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 142 (2d Cir.

1999)).

       The Defendants have not submitted any evidence to demonstrate good faith

or reasonableness, so the Court finds that a liquidated damages award $265,483.96,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT~11

1  an amount equal to the amount of damages for the employees' unpaid

2  compensation, is mandated.  *See* 29 U.S.C. §216(b); *First Citizens Bank of*

3  *Billings*, 758 F.2d at 403.

4  *FLSA Record-keeping Requirements*

5          The FLSA requires employers covered by the Act to keep records of the

6  hours that their employees work.  29 U.S.C. § 211(c).  Specifically, unless an

7  exception applies, employers must keep a record of the "[h]ours worked each

8  workday and total hours worked each workweek" for each employee.  29 C.F.R. §

9  516.2(a)(7).  Failure to keep proper records is a violation of the FLSA.  29 U.S.C.

10 § 215.

11         Defendants could not produce many of the records requested during the

12 Department of Labor investigation and in the course of the present litigation.  ECF

13 Nos. 65 at 4; 67.  Under the FLSA, where an employer fails to maintain accurate

14 payroll records, plaintiffs carry their burden by showing the employees performed

15 work for which they were improperly compensated and by producing "some

16 evidence to show the amount and extent of that work 'as a matter of just and

17 reasonable inference.'" *McLaughlin v. Ho Fat Seto*, 850 F.2d 586, 589 (9th Cir.

18 1988) (quoting *Anderson v. Mt. Clemens Pottery*, 328 U.S. 680, 687 (1946),

19 *superseded by statute on other grounds,* Portal-to-Portal Act, 61 Stat. 86-87).  The

20

1    Court finds that Defendants violated FLSA by failing to maintain accurate payroll

2    records.

3    _Injunction_

4          The Secretary seeks a prospective injunction prohibiting Defendants from

5    further violating the FLSA's recordkeeping, overtime, and minimum wage

6    provisions.  Although there is no evidence that Wok King and New Wok King are

7    currently operating a business, the Court finds that the Secretary has shown that an

8    injunction is warranted here.  An injunction does nothing more than require the

9    Defendants to comply with the FLSA and shifts the responsibility for compliance

10   toward Defendants and away from the Secretary.  *Brock v. Big Bear Market No. 3*,

11   825 F.2d 1381, 1383 (9th Cir. 1987); *Marshall v. Chala Enters.,* 645 F.2d 799, 804

12   (9th Cir. 1981).

13         The Secretary also seeks an injunction to prohibit Defendants from

14   continuing to withhold unpaid overtime compensation.  The Court finds that, in

15   light of the Court's decision to order payment of back wages, a restitutionary

16   injunction, meaning an injunction against continued withholding of previously

17   earned overtime pay, is appropriate here.  *See, e.g., Marshall v. Chala Enterprises,*

18   *Inc.*, 645 F.2d 799 (9th Cir. 1981 ("A restitutionary injunction prevents unjust

19   enrichment, and affords employees payments that Congress has determined they

20   are entitled to receive. Denial of an injunction deprives them of the opportunity to

recover these amounts."); *Marshall v. Van Matre*, 634 F.2d 1115, 1118 (8th Cir. 1980).

Accordingly, **IT IS HEREBY ORDERED**:

1. The Secretary's Motion for Summary Judgment, **ECF No. 63**, is **GRANTED**.

2. The Secretary is directed to file a proposed permanent injunction and a proposed judgment consistent with this order by **August 12, 2011**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel and Defendants.

**DATED** this 27th day of July, 2011.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT~14