UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>WOK KING INTERNATIONAL BUFFET, Inc., a corporation; NEW WOK KING INTERNATIONAL BUFFET, Inc., a corporation; GUANG RI WENG, individually; and ZHEN FANG WENG, individually,<br><br>Defendants. | Case No.  CV 09-5066-RMP<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff United States Secretary of Labor filed her action against Defendants Wok King International Buffet, Inc. ("Wok King"), New Wok King International Buffet, Inc. ("New Wok King"), Guang Ri Weng and Zhen Fang Weng on July 31, 2009, alleging that Defendants had violated the minimum wage, overtime and record keeping provisions of the Fair Labor Standards Act of 1938, as amended, 29

JUDGMENT AND PERMANENT INJUNCTION IN A
CIVIL CASE
– Page 1 of 5

U.S.C. §201, *et. seq.* ("FLSA" or "Act"). ECF No. 1. All Defendants were properly served, initially appeared through counsel, and filed an Answer to the Complaint. ECF No. 10.

Plaintiff filed a motion for summary judgment, which this Court granted on July 28, 2011. ECF Nos. 63 and 79. The factual findings and conclusions of law supporting the decision to grant summary judgment are set forth in the Court's order and will not be repeated here. In the order granting summary judgment, the Court found that each named Defendant is an employer within the meaning of the FLSA and therefore each is jointly and severally liable for violations of that Act. *See Baystate Alternative Staffing, Inc. v. Herman*, 163 F.3d 668 (1st Cir. 1998); *see also Chao v. A-One Medical Services, Inc.*, 346 F.3d 908 (9th Cir. 2003) (recognizing joint and several liability under the FLSA among joint employers). The Court further found that Defendants violated the Act and that, as a result of those violations, Defendants owe back minimum and overtime wages to their employees as set out in the attached Exhibit A, and that it is appropriate to issue permanent injunctions against future violations of the Act.

It is, therefore, **ORDERED, ADJUDGED AND DECREED**:

1) That Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, be and hereby are permanently

enjoined and restrained from violating the provisions of §§ 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act in the following manners:

    a) **Defendants shall not**, contrary to § 6 of the Act, employ any employees engaged in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, at an hourly rate less than the federal minimum wage;

    b) **Defendants shall not**, contrary to § 7 of the Act, employ any employees engaged in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless the employee receives compensation for his/her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he/she is employed;

    c) **Defendants shall not**, contrary to § 11 of the Act, fail to make, keep and preserve records of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations duly promulgated under said § 11(c) at 29 C.F.R. Part 516.

    2) **IT IS FURTHER ORDERED** that the Plaintiff recover from Defendants the sum of **$265,483.96** in gross overtime back wages for its

JUDGMENT AND PERMANENT INJUNCTION IN A CIVIL CASE
– Page 3 of 5

employees as listed and allocated in the attached Exhibit A and an equal amount in liquidated damages.  Payment shall be by certified check made payable to the U.S. Department of Labor.  Defendants will be responsible for computing and paying all relevant employer payroll taxes, including any applicable federal, state or local taxes. Payment shall be by certified check in the net amount and shall be accompanied by a list of the employees for whom the check represents back wage payment, their Social Security Numbers, if known, and the employer legal deductions made from the gross amounts due, if applicable. The check shall be delivered to:

> **U.S. Department of Labor**
> **Wage Hour Division**
> **1111 Third Avenue, Suite 755**
> **Seattle, WA 98101-3212**

The check shall reference the case name *Secretary v. Wok King, et al* and the case number CV-09-5066-RMP.  Plaintiff shall distribute the monies paid by Defendants under this Judgment to the employees identified in Exhibit A, or their estates if that is necessary.  Any money not so paid within three years because of inability to locate said employees or because of their refusal to accept said proceeds shall be deposited forthwith with the Treasury of the United States pursuant to 28 U. S.C. 2041.

3) **IT IS FURTHER ORDERED** that the rights of any of the Defendants' employees or ex-employees not specifically mentioned in Exhibit A to this Judgment, to back wages under the Act, are neither affected nor extinguished by this Judgment.

4) **IT IS FURTHER ORDERED** that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

The District Court Executive is hereby directed to enter this Judgment and Permanent Injunction, provide copies to counsel and Defendants, and close the file in this matter.

**DATED** this 30th day of August, 2011.

                    *s/ Rosanna Malouf Peterson*
                ROSANNA MALOUF PETERSON
               Chief United States District Court Judge